ESTHER KARMAZIN, PLAINTIFF-RESPONDENT, v. THE PENNSYLVANIA RAILROAD CO., A CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Decided March 6, 1964.

Before Judges CONFORD, FREUND and SULLIVAN.

*Messrs. Strong & Strong,* attorneys for petitioner, defendant-appellant.

*Messrs. Mandel, Wysoker, Sherman & Glassner,* attorneys for plaintiff-respondent.

The opinion of the court was delivered

PER CURIAM. Although defendant prevailed on the appeal, *Karmazin v. The Pennsylvania Railroad Co.,* 82 *N. J. Super.* 123 (*App. Div.* 1964), it seeks a rehearing with respect to a portion of the opinion which it conceives will prejudice its rights at the retrial. We have received and considered briefs from both sides on the point.

We said in our opinion (at *p.* 130) the following:

"The assessment of a railroad's duty of safe carriage of its passengers for hire, in this context, must begin with the primary postulate that 'as against dangers that may reasonably be anticipated, the carrier is bound to exercise a high degree of care in behalf of its passengers in respect to the condition of its car platform and steps.' *Murphy v. North Jersey St. Ry. Co.,* 81 *N. J. L.* 706 (*E. & A.* 1911). On principle, this rule clearly applies to a station platform, as here."

Defendant contends that it is well settled that there is a duty of only a reasonable degree of care in relation to maintenance of railroad station platforms, as distinguished from car platforms and steps, the latter being conceded to be subject to a high degree of care. It cites *Horelick v. Pennsylvania R. Co.,* 13 *N. J.* 349, 353 (1953), and *Spofford v. Central R. R. Co.,* 89 *N. J. L.* 273, 275 (*E. & A.* 1916), which do not expressly make the distinction, and other decisions which do. Defendant's general position is well taken.

However, the quoted statement in our opinion was intended to be read in the light of the facts here involved. These entailed a passenger falling with her first step from the train platform onto the station platform because of an assertedly dangerous condition at that point. Under the circumstances, that portion of the station platform was, in functional terms, part of the railroad's apparatus for the passenger's safe detrainment. It fell within the ambit of the facilities maintained for the passenger's transportation by the carrier in as significant a sense as the car platform and steps involved in such cases as the *Murphy* decision cited in our opinion. It was therefore subject to the high degree of care applicable in the transportation of passengers by a common carrier.

In all the cases relied upon by defendant wherein the opinions have stated the duty in respect of station platforms, steps, and other railroad appurtenant areas as one of reasonable or ordinary care, this was in relation to accidents occurring well after the passenger had made the transfer from conveyance to platform, etc., in safety or before beginning his journey. In addition to the cases cited above, see also *Seckler v. Pennsylvania R. R. Co.*, 113 *N. J. L.* 299, 300 (*E. & A.* 1934); *Holtzman v. Hudson and Manhattan R. R. Co.*, 101 *N. J. L.* 255 (*Sup. Ct.* 1925); *Dotson v. Erie R. R. Co.*, 68 *N. J. L.* 679 (*E. & A.* 1903). The case of *Foley v. Brunswick Traction Co.*, 66 *N. J. L.* 637 (*E. & A.* 1901), is to be distinguished on the ground that the passenger there alighted on a public highway. Moreover, the appellate court was there concerned with the absence from the charge of any statement of the care required on the part of the carrier at all.

The petition for rehearing is denied.